PITTMAN, Judge.
Gregory Lagerald Jackson (hereinafter “the husband”) and Teresa Jackson Collier (hereinafter “the wife”) were divorced in 1996. On November 18,1998, the husband filed a petition to modify the child-support provision of the divorce judgment. On February 16, 2000, the trial court entered an order in favor of the husband.
On February 25, 2000, the wife filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the order in favor of the husband. On May 15, 2000, the wife filed a motion for relief from judgment under Rule 60, Ala. R. Civ. P. On May 18, 2000, the parties filed a joint stipulation to extend the “[90] day period for ruling on the [wife]’s Motion to Alter, Amend, Vacate, or in the Alternative, for New Trial ..., to end on [Sunday,] June 25, 2000.” On May 19, 2000, the trial court entered an order stating that “the time for decision on the [wife]’s Motion to Alter, Amend, Vacate, or in the Alternative for New Trial is ... extended to end on June 25, 2000.” On June 22, 2000, the trial court entered another order, stating that the “time for decision on the [wife]’s Motion to Alter, Amend, Vacate, or in the Alternative for New Trial is ... extended 90 days,” and thereafter the court sought that extension from this court, which subsequently denied the extension. The trial court thereafter entered an order on both the wife’s motion to alter, amend, or vacate the judgment or for a new trial and her motion for relief from judgment under Rule 60, Ala. R. Civ. P.; that order modified the February 16, 2000, order. Although the date listed on that final order is Friday, June 23, 2000, the clerk’s notation *1284 on the face of that document states that it was filed Monday, June 26, 2000.
On the basis of the trial court’s holding in its June 26, 2000, order, the husband thereafter sought a process of garnishment against the wife. On August 17, 2000, the husband filed a letter with the trial court explaining that the order of garnishment had been returned to him because “there appears to be a court order which supersedes the court order of February 16, 2000. Please be advised that the [trial court] Order filed June 26, 2000 is void, pursuant to Rule 59.1 of the Alabama Rules of Civil Procedure.” It appears from the husband’s appellate brief that the basis of his allegation on appeal, as it relates to the chronological order of events in the trial court, was that the trial court’s June 26, 2000, order is void because, despite the fact that the parties jointly stipulated to extending the time for the trial court to render a decision on the wife’s postjudgment motions to June 25, 2000, the trial court did not file its order regarding those motions until June 26, 2000. In response to the husband’s August 17, 2000, letter, the trial court stated that its order entered on June 23, 2000, and filed on June 26, 2000, “has been in full force and effect since its entry and filing.”
On September 19, 2000, the wife filed a “motion to stay process of garnishment and set for hearing;” the trial court granted that motion and set a hearing for October 12, 2000. On October 12, 2000, the trial court reiterated that its order filed June 26, 2000, had been in full force and effect since the date of its filing, but that order nowhere referenced the garnishment proceedings. On October 26, 2000, the husband filed an appeal to this court. When asked to summarize the basis of his appeal, he noted the issue as “[w]hether trial court retains jurisdiction after Rule 59.1 time period has expired,” and explained the facts underlying his claim: “Original Order entered February 16, 2000. Motion to Alter or Amend filed and by agreement deadline was extended to June 25, 2000. Order entered June 26, 2000.”
Despite the contention of the husband, the trial court’s filing of its order on June 26, 2000, is valid. The parties filed a joint stipulation stating for the record their agreement to extend the time for the trial court to rule on the wife’s postjudgment motions until June 25, 2000. Rule 58(c), Ala. R. Civ. P., states that a notation of a judgment or order in the civil docket, or the filing of a separate order, constitutes the official “entry” of the judgment or order. June 25 was a Sunday. Rule 6(a), Ala. R. Civ. P., provides, in regard to computation of time periods:
“The last day of the period so computed shall be included, unless it is ... Sunday, ... or, when the act to be done is the filing of a paper in the court, a day on which ... other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.”
The trial court’s order was written and signed on Friday, June 23, 2000 — before the June 25 deadline. Only the filing of the document was left to be completed, and the clerk’s office was not open on Sunday to file that document. Because the last day of the period fell on a day on which the clerk’s office was not open to file that document, the time was extended, by virtue of Rule 6, to Monday, June 26, 2000, the next available day when the clerk’s office was open. The trial court’s order shows that it was filed on Monday, June *1285 26, 2000; thus, its order timely disposed of the wife’s postjudgment motions. The husband’s time for filing a notice of appeal began to run on that date.
A notice of appeal must be filed with the clerk of the trial court within 42 days from the date of the entry of the judgment. Rule 4(a)(1), Ala. R.App. P. Therefore, the husband had 42 days from June 26, 2000— the date of the trial court’s final order modifying its February 16, 2000, order and denying the wife’s postjudgment motions to alter, amend, or vacate the judgment or for a new trial and for relief of judgment or order under Rule 60, Ala. R. Civ. P. — in which to file his notice of appeal. He did not appeal until October 26, 2000.
The only intervening actions between June 26, 2000, and October 26, 2000, that could arguably be considered as the date from which the time for appeal began to run would be August 17, 2000 (when the husband attempted to convince the trial court by letter that its June 26, 2000, order was void, and to which letter the trial court responded by explaining to the husband that its June 26, 2000, order was timely, filed by virtue of Rule 6(a), Ala. R. Civ. P.); September 19, 2000 (when the wife filed her motion to stay the process of garnishment and to set a hearing); and October 12, 2000 (when the hearing was held and the trial court issued an order reiterating that its order of June 26, 2000, remained in full force and effect). However, his contentions regarding each of those dates are without merit. The husband does not appear to base this appeal on the grounds that the garnishment, itself, is in error; rather, the basis of his appeal is his opposition to the underlying claim — he argues that the trial court’s June 26, 2000, order is void because it was untimely filed. Therefore, his contention, as it relates to the validity of the underlying claim, does not go to the issue of the garnishment, and he cannot claim that his filing of the notice of appeal on October 26, 2000, relates to the trial court’s proceedings from September to October, 2000, regarding the garnishment issue. Furthermore, in its October 12, 2000, order, the trial court did not substantially modify its June 26, 2000, order; it simply reiterated that its June 26, 2000, order — which was filed on the Monday after the extension period stipulated to jointly by the parties had expired on Sunday — remained in full force and effect. Thus, the husband cannot argue that the period for filing his notice of appeal began to run October 12, 2000.
This situation is very similar to that presented in Ellen v. Freshvale, Inc., 600 So.2d 1038 (Ala.Civ.App.1992):
“Laura Ellen filed a complaint in the trial court on May 18, 1988. Service was not perfected on the defendant, Freshvale, Inc., and on July 23, 1990, the case was dismissed. Ellen did not file a post trial motion or appeal; however, she subsequently began to file additional documents with the trial court. On May 3, 1991, the trial court entered an order to ‘clear up some apparent confusion’ which had arisen in the case. It then affirmed its order of July 23, 1990, stating that the order remained in effect. Ellen filed a motion to set aside the May 3, 1991, order, and the trial court denied the motion. Ellen appeals from the denial of her motion. We dismiss the appeal.
“... In the present case the trial court clearly dismissed the case on July 23,1990. Ellen did not appeal from that order within the forty-two days [allowed] by Rule 4(a)(1), [Ala. R.App. P.]. She appealed from the May 3, 1991, *1286 order affiming the July 23 order; however, because the case had been dismissed over nine months prior to the appeal, this court is without appellate jurisdiction. We have no alternative but to dismiss the appeal.”
600 So.2d at 1038 (emphasis added); see also Rule 2(a)(1), Ala. R.App. P. (stating that an appeal should be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.) Like the appellant in Ellen, the husband in this case seeks to appeal a later order (the October 12, 2000, order) that substantially reaffirmed a previous, valid order (the June 26, 2000, order) that had effectively disposed of the case; like the notice of appeal in Ellen, the notice of appeal filed in this case was filed too late.
The husband did not timely appeal from the June 26, 2000, order. On the basis of Rules 2(a)(1) and 4(a)(1), Ala. R.App. P., Rule 6(a), Ala. R. Civ. P., and Ellen v. Freshvale, Inc., supra, we dismiss the appeal.
APPEAL DISMISSED.
MURDOCK, J., concurs.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur in the result.